Derek H. Lim (Bar No. 209496)
dlim@archernorris.com
Chad D. Greeson
cgreeson@archernorris.com
ARCHER NORRIS
2033 North Main Street, Suite 800
Walnut Creek, CA  94596-3759
Telephone:      925.930.6600
Facsimile:      925.930.6620
E-mail:          dlim@archernorris.com

Attorneys for Defendants
CLIFFORD FRANK PERRY, JR. (erroneously sued
herein as CLIFFORD FRANK PERRY) and
KNIGHT TRANSPORTATION, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOY ANN CORCORAN, | No.  2:13-cv-01511 WBS DAD |
| Plaintiff, | **STIPULATION AND PROTECTIVE  ORDER** |
| v. | |
| CLIFFORD FRANK PERRY; KNIGHT TRANSPORTATION, INC. and DOES 1 TO 10, | |
| Defendants. | |

1.      PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

all disclosures or responses to discovery and that the protection it affords extends only to the

limited information or items that are entitled under the applicable legal principles to treatment as

confidential.  The parties further acknowledge, as set forth in Section 11, below, that this

Stipulated Protective Order creates no entitlement to file confidential information under seal;

1    General Rule 141 sets forth the procedures that must be followed and reflects the standards that

2    will be applied when a party seeks permission from the court to file material under seal.

3        2.    DEFINITIONS

4            2.1    Party:  Any party to this action, including all of its officers, directors,

5    employees, consultants, retained experts, and outside counsel (and their support staff).

6            2.2    Disclosure of Discovery Material:  All items or information, regardless of

7    the medium or manner generated, stored, or maintained (including, among other things,

8    testimony, transcripts, or tangible things) that are produced or generated in disclosures or

9    responses to discovery in this matter.

10            2.3    "Confidential" Information or Items:  Information (regardless of how

11    generated, stored or maintained) or tangible things that qualify for protection under standards

12    developed under F.R.Civ.P. 26(c).

13            2.4    "Highly Confidential—Attorneys' Eyes Only" Information or Items:

14    Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

15    non-party would create a substantial risk of serious injury that could not be avoided by less

16    restrictive means.

17            2.5    Receiving Party:  A Party that receives Disclosure or Discovery Material

18    from a Producing Party.

19            2.6    Producing Party:  A Party or non-party that produces Disclosure or

20    Discovery Material in this action.

21            2.7    Designating Party:  A Party or non-party that designates information or

22    items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

23    Confidential—Attorneys' Eyes Only."

24            2.8    Protected Material:  Any Disclosure or Discovery Material that is

25    designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

26            2.9    Outside Counsel:  Attorneys who are not employees of a Party but who are

27    retained to represent or advise a Party in this action.

28            2.10    House Counsel:  Attorneys who are employees of a Party.

2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain after its disclosure to a Receiving Party  or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

1      5.      DESIGNATING PROTECTED MATERIAL

2              5.1     Exercise of Restraint and Care in Designating Material for Protection.

3      Each Party or non-party that designates information or items for protection under this

4 Order must take care to limit any such designation to specific materials that qualifies under the

5 appropriate standards.  A Designating Party must take care to designate for protection only those

6 parts of material, documents, items, or oral or written communications that qualify—so that other

7 portions of the material, documents, items, or communications for which protection is not

8 warranted are not swept unjustifiably within the ambit of this Order.

9      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

10 shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

11 unnecessarily encumber or retard the case development process, or to impose unnecessary

12 expenses and burdens on other parties), expose the Designating Party to sanctions.

13      If it comes to a Party's or a non-party's attention that information or items that it

14 designated for protection do not qualify for protection at all, or do not qualify for the level of

15 protection initially asserted, that Party or non-party must promptly notify all other parties that it is

16 withdrawing the mistaken designation.

17              5.2     Manner and Timing of Designations.  Except as otherwise provided in this

18 Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

19 material that qualifies for protection under this Order must be clearly so designated before the

20 material is disclosed or produced.

21      Designation in conformity with this Order requires:

22      (a)      for information in documentary form (apart from the transcripts of

23 depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

24 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" on each

25 page that contains protected material.  If only a portion or portions of the material on a page

26 qualified for protection, the Producing Party also must clearly identify the protected portion(s)

27 (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

28 level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

1 | ATTORNEYS' EYES ONLY").

2 |       A Party or non-party that makes original documents or materials available for inspection

3 | need not designate them for protection until after the inspecting Party has indicated which

4 | material it would like copied and produced.  During the inspection and before the designation, all

5 | of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—

6 | ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

7 | copied and produced, the Producing Party must determine which documents, or portions thereof,

8 | qualify for protection under this Order, then, before producing the specified documents, the

9 | Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

10 | CONFIDENTIAL—ATTORNEYS' EYES ONLY") on each page that contains Protected

11 | Material.  If only a portion or portions of the material on a page qualified for protection, the

12 | Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

13 | markings in the margins) and must specify, for each portion, the level of protection being asserted

14 | (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

15 |       (b)    for testimony given in deposition or in other pretrial or trial proceedings,

16 | that the Party or non-party offering or sponsoring the testimony identify on the record, before the

17 | close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

18 | any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL—ATTORNEYS'

19 | EYES ONLY."  When it is impractical to identify separately each portion of testimony that is

20 | entitled to protection, and when it appears that substantial portions of the testimony may qualify

21 | for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke a

22 | right to have up to 30 days to identify the specific portions of the testimony as to which protection

23 | is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

24 | CONFIDENTIAL—ATTORNEYS' EYES ONLY").  Only those portions of the testimony that

25 | are appropriately designated for protection within the 30 days shall be covered by the provisions

26 | of this Stipulated Protective Order.

27 |

28 |

1   Transcript pages containing Protected Material must be separately bound by the court

2   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

3   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or non-

4   party offering or sponsoring the witness or presenting the testimony.

5   (c)   for information produced in some form other than documentary, and for

6   any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

7   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

8   or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  If only portions of the

9   information or item warrant protection, the Producing Party, to the extent practicable, shall

10   identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

11   Confidential—Attorneys' Eyes Only."

12   5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent

13   failure to designate qualified information or items as "Confidential" or "Highly Confidential—

14   Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

15   protection under this Order for such material.  If material is appropriately designated as

16   "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the material was initially

17   produced, the Receiving Party, on timely notification of the designation, must make reasonable

18   efforts to  assure that the material is treated in accordance with the provisions of this Order.

19   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

20   6.1   Timing of Challenges.  Unless a prompt challenge to a Designating Party's

21   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

22   economic burdens, or a later significant disruption or delay of this litigation, a Party does not

23   waive its right to challenge a confidentiality designation by electing not to mount a challenge

24   promptly after the original designation is disclosed.

25   6.2   Meet and Confer.  A Party that elects to initiate a challenge to a

26   Designating Party's confidentiality designation must do so in good faith and must begin the

27   process by conferring directly (in voice to voice dialogue; other forms of communication are not

28   sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

1    explain the basis for its belief that the confidentiality designation was not proper and must give

2    the Designating Party an opportunity to review the designated material, to reconsider the

3    circumstances, and, if no change in designation is offered, to explain the basis for the chosen

4    designation.  A challenging Party may proceed to the next stage of the challenge process only if it

5    has engaged in this meet and confer process first.

6              6.3     Judicial Intervention.  A Party that elects to press a challenge to a

7    confidentiality designation after considering the justification offered by the Designating Party

8    may file and serve a motion under Civil Local Rule 251 (and in compliance with General

9    Rule 141, if applicable) that identifies the challenged material and sets forth in detail the basis

10   for the challenge.  Each such motion must be accompanied by a competent declaration that

11   affirms the movant has complied with the meet and confer requirements imposed in the preceding

12   paragraph and that sets forth with specificity the justification for the confidentiality designation

13   that was given by the Designating Party in the meet and confer dialogue.

14        The burden of persuasion in any such challenge proceeding shall be on the Designating

15   Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

16   question the level of protection to which it is entitled under the Producing Party's designation.

17        7.    ACCESS TO AND USE OF PROTECTED MATERIAL

18             7.1     Basic Principles.  A Receiving Party may use Protected Material that is

19   disclosed or produced by another Party or by a non-party in connection with this case only for

20   prosecuting, defending, or attempting to settle this litigation.  Such Protected Materials may be

21   disclosed only to the categories of persons and under the conditions described in this Order.

22   When the litigation has been terminated, a Receiving Party must comply with the provisions of

23   section 12, below (FINAL DISPOSITION).

24        Protected Material must be stored and maintained by a Receiving Party at a location and

25   in a secure manner that ensures that access is limited to the persons authorized under this Order.

26             7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

27   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

28   disclose any information or item designated CONFIDENTIAL only to:

(a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)      the Court and its personnel;

(e)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(f)      the author of the document or the original source of the information.

7.3      <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel or record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)      experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     the Court and its personnel;

(d)     the author of the document or the original source of the information.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
        OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGH CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
        PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of

1    Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

2    communication or information covered by the attorney-client privilege or work product

3    protection, the parties may incorporate their agreement in the stipulated protective order

4    submitted to the court.

5         10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6             If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

7    Material to any person or in any circumstance not authorized under this Stipulated Protective

8    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

9    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

10   (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms

11   of this Order, and (d) request such person or persons to execute the "Acknowledgment and

12   Agreement to Be Bound" that is attached hereto as Exhibit A.

13        11.    FILING PROTECTED MATERIAL

14            Without written permission from the Designating Party or a court order secured after

15   appropriate notice to all interested persons, a Party may not file in the public record in this action

16   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

17   with General Rule 141.

18        12.    FINAL DISPOSITION

19            Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

20   after the final termination of this action, each Receiving Party must return all Protected Material

21   to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

22   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

23   Protected Material.  With permission in writing from the Designating Party, the Receiving Party

24   may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

25   Material is returned or destroyed, the Receiving Party must submit a written certificate to the

26   Producing Party (an, if not the same person or entity, to the Designating Party) by the sixty-day

27   deadline that identifies (by category, where appropriate) all the Protected Material that was

28   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

1   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

2   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

3   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

4   work product, even if such materials contain Protected Material.  Any such archival copies that

5   contain or constitute Protected Material remain subject to this Protect Order as set forth in

6   Section 4 (DURATION), above.

7           13.    MISCELLANEOUS

8                  13.1    Right to Further Relief.  Nothing in this Order abridges the right of any

9   person to seek its modification by the Court in the future.

10                 13.2    Right to Assert Other Objections.  By stipulating to the entry of this

11  Protective Order no Party waives any right it otherwise would have to object to disclosing or

12  producing any information or item on any ground not addressed in this Stipulated Protective

13  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

14  the material covered by this Protective Order.

15  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16                                        ALTEMUS & WAGNER

17                                           /s/ Stewart Altemus

18  DATED:      June 2, 2014          _____
                                          STEWART ALTEMUS
19                                        Attorneys for Plaintiff
                                          JOY ANN CORCORAN
20

21                                        ARCHER NORRIS

22  DATED:      June 2, 2014              /s/ Derek H. Lim
                                       _____
23                                        DEREK H. LIM
                                          Attorneys for Defendants
24                                        CLIFFORD FRANK PERRY, JR. (erroneously sued
                                          herein as CLIFFORD FRANK PERRY) and
25                                        KNIGHT TRANSPORTATION, INC.

26

27

28

1

## **ORDER**

2        Pursuant to the parties' stipulation, IT IS SO ORDERED.[1]

3    Dated:  June 3, 2014

4

5        _Dale A. Drozd_
                                        _____
6                                       DALE A. DROZD
                                        UNITED STATES MAGISTRATE JUDGE
7    Ddad1\orders.civil
     corcoran1511.stip.prot.ord.docx

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
     _____
28   [1] Although the parties' stipulation refers to "General Rule 141," it is apparent that the parties are referring to Local
     Rule 141.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of <u>Joy Ann</u> <u>Corcoran v. Clifford Frank Perry, et al.</u>, United States Eastern District Court Case No. 2:13-CV-01511-WBS-DAD.   I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                              [printed name]

Signature:        _____
                              [signature]